# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARK A PALLOTINO, SR., and
MARK S. PALLOTINO, JR.,

        Plaintiffs,

vs.                              No. CIV-06-06 JEC/WDS

CITY OF RIO RANCHO, ACTING CHIEF OF
POLICE CAPT. MICHAEL BAKER, DAVID
HUBBARD, JEREMY MELTON, BRIAN LINK,
ROBERTA RADOSOVICH, S.W.A.T. TEAM
COMMANDER LT. SCOTT KELLOGG, and
JOHN OR JANE DOES I-X, in their official
and individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTION TO ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on *Plaintiffs' Notice of Objection to Order Granting Defendants' Motion for Protective Order (Doc. 102)* ("Objection"). Having reviewed Plaintiffs' Objection as well as the parties' briefing in advance of Magistrate Judge W. Daniel Schneider's *Order Granting Defendants' Motion for Protective Order to Limit Questioning by Plaintiffs' Counsel During the Deposition of Jeremy Melton (Doc. 101)* ("Order"), the Court determines that the Order is not clearly erroneous or contrary to law and Plaintiffs' Objection is therefore OVERRULED.

## I.    BACKGROUND

This litigation arises from the 2003 arrest of Plaintiff Mark Pallotino, Sr. ("Pallotino") in Rio Rancho, New Mexico. Plaintiffs contend that Defendants lacked probable cause for the

arrest and that Pallotino's subsequent prosecution and trial was a malicious abuse of process, among other claims.  Defendants deny Plaintiffs' allegations and argue they had probable cause for their actions in this case.

*Defendants' Motion for Protective Order to Limit Questioning by Plaintiffs' Counsel During the Deposition of Jeremy Melton (Doc. 86)* ("Motion") sought the Court's order pertaining to two lines of questioning by Plaintiffs' attorney during the Deposition of Defendant Jeremy Melton.  The first line of questioning concerns Defendant Melton's reasons for leaving the Rio Rancho police department in early 2007.  Defendant Melton testified that his departure did not involve misconduct but declined to explain further other than to state that his departure involved personal reasons between him and his wife.  Plaintiffs' counsel did obtain answers from Defendant Melton that his departure did not involve either divorce or domestic violence.  The second line of questioning at issue in Defendants' Motion concerns the meaning of the oath on the search warrant signed by Defendant Melton.

Magistrate Judge Schneider granted Defendants' Motion noting as to the first issue that

> "[t]here is no evidence linking his leaving the department with this lawsuit.  Although not divulging the specific personal reason between Defendant and his wife that resulted in his resignation, he eliminated all causes that immediately come to mind which could be relevant to the case.  Accordingly, the Court finds that further questions in this regard would be both invasive of his privacy and oppressive."

*Order* at 1-2.  As to the second issue, Magistrate Judge Schneider determined that Plaintiffs' line of questioning as to the oath "was argumentative, repetitive, and silly."  *Id.* at 2.

Plaintiffs' counsel stated in her *Response in Opposition to Defendants' Motion for Protective Order (Doc. 89)* ("Response") that Plaintiffs "do not want to depose Mr. Melton at this point."  Resp. at 13.  In their Objection, however, Plaintiffs contend that the Order "forc[es]

them to conduct a deposition within defense counsel's constraints which compromises their right to full and fair questioning which in turn compromises their right to obtain evidence to prove their claims and to obtain full due process in this case." *Objection* at 7. Plaintiffs explain that their purpose in filing the Objection is to lay a record for appeal rather than obtain the right to redepose Defendant Melton.

## II.    LEGAL STANDARD

The Court may reconsider any pretrial matter determined by a United States magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Accord Fed.R.Civ.P. 72(a) (providing in part that objections to a Magistrate Judge's nondispositive order will be modified or set aside if the order is "found to be clearly erroneous or contrary to law"). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U. S. 364, 395, *rehr'g denied*, 333 U.S. 869 (1948). In other words, the clearly erroneous standard requires that a decision must strike the Court as more than maybe or probably wrong; it must strike the Court with the force of a five-week old, unrefrigerated dead fish. *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P. A.*, 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F. 2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U. S. 847 (1989)).

## III.    DISCUSSION

> [T]here is no presumption in the federal rules of civil procedure
> that a discovery request is relevant. The proponent of a discovery
> request must, in the first instance, show the relevance of the
> requested information to the claims or defenses in the case. This is
> not a high standard because relevance is liberally construed in the

3

> context of discovery and, in many instances, relevance is apparent
> on the face of the request.  However, where relevance is not
> apparent, the proponent must explain how or why the request is
> relevant.

*Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2007 WL 608343, *8 n.20 (D.Kan. February 22,

2007).  *Accord Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (finding it was not

necessary to reach the issue of privilege because the requested discovery was not relevant).

Assuming that the party seeking discovery can demonstrate the requested information is

relevant, the Court may nonetheless limit the discovery.  FED.R.CIV.P. 26(c) (providing that the

Court "may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense").  The United States Supreme Court

recognizes that Rule 26(c) is "necessary" in part because "discovery [] may seriously implicate

privacy interests of litigants and third parties."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104

S.Ct. 2199, 2208-09, 81 L.Ed.2d 17 (1984).  Although privacy is not specifically mentioned in

Rule 26(c), the Supreme Court has recognized that privacy is a matter which is "implicit in the

broad purpose and language of the Rule."  *Id.* at 2208, n21.

Plaintiffs in the present case seek to focus the Court's attention on FED.R.CIV.P.

30(d)(3)(A), which provides in relevant part that "[a]t any time during a deposition, the deponent

or a party may move to terminate or limit it on the ground that it is being conducted in bad faith

or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Subsection B of the Rule goes on to state that "[t]he Court may order that the deposition be

terminated or may limit its scope and manner as provided in Rule 26(c)."

Defendants appear to have followed the procedures set forth in Rule 30(d)(3)(A) at the

deposition of Defendant Melton.  Moreover, the Court finds nothing clearly erroneous or

4

contrary to law in Magistrate Judge Schneider's Order finding that Plaintiffs' lines of questioning during Defendant Melton's deposition sought information not relevant to the lawsuit and, further, that a protective order should be issued pursuant to FED.R.CIV.P. 26(c).

## IV.    CONCLUSION

Having reviewed Plaintiffs' objections and Defendants' response to those objections, the Court cannot find that Magistrate Judge Schneider's Order is clearly erroneous or contrary to law.  The Magistrate Judge's Order will, therefore, be affirmed.

IT IS THEREFORE ORDERED that *Plaintiffs' Objection to Order Granting Defendants' Motion for Protective Order (Doc. 102)*, filed May 23, 2008, is not well taken and Magistrate Judge Schneider's May 22, 2008 Order is **affirmed**.

DATED September 15, 2008.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Rene Ostrochovsky, Esq.
Albuquerque, NM

Alex Chisholm, Esq.
Albuquerque, NM

Counsel for Defendants:

Holly Agajanian, Esq.
Randy S. Bartell, Esq.
Montgomery & Andrews, P.A.