# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARK A. PALLOTINO, SR. and
MARK S. PALLOTINO, JR.

                   Plaintiffs,

vs.                                                                      NO. 06-CV-06 JEC/WDS

CITY OF RIO RANCHO, et al.,

                   Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS' FEES

THIS MATTER comes before the Court on Defendants' Motion for Costs and Attorneys' Fees, filed November 23, 2010 (Doc. 226)("Motion").  An Order settling costs has been entered, (Doc. 228) and presently, aside from including costs in the Motion's caption, Defendants raise no issue with respect to the awarded costs nor submit documentation identifying entitlement to additional costs.  Accordingly, the Court limits its review to Defendants' request for attorneys' fees pursuant to 42 U.S.C. § 1988(b).  Having considered Defendants' Motion, the extensive record, and the governing authority, the Court will deny Defendants' request for fees.

In this case, Defendants prevailed on all Plaintiffs' federal (and state) claims.  The majority of Plaintiffs' claims in this case were dismissed on summary judgment, briefed and argued through counsel.  *See* Docs. 29, 41, 121, 171.  The remaining claims were (1) Defamation of Character alleged by Plaintiff Pallotino, Sr., and (2) Excessive Force and (3) Assault and Battery alleged by Pallotino, Jr.   These claims proceeded to trial at which time each Plaintiff represented himself.

On November 2, 2010, at the close of Plaintiff *Pro Se* Mark Pallotino, Sr.'s case-in-chief on his sole claim for Defamation, the Court granted Judgment as a Matter of Law pursuant to FED.R.CIV.P. 50 in favor of Defendants and against Pallotino, Sr. for his failure to admit evidence sufficient to make a *prima facie* showing that any statement attributable to any Defendant was defamatory.

Also on November 2, 2010, at the close of Plaintiff *Pro Se* Mark Pallotino, Jr.'s case-in-chief, the Court granted Judgment as a Matter of Law pursuant to FED.R.CIV.P. 50 on Pallotino, Jr.'s § 1983 claim for Excessive Force, finding that Pallotino, Jr. had failed to identify any "person" within the meaning of 42 U.S.C. § 1983 against whom liability was asserted or through whose actions municipal liability might be established.[1]

Finally, on November 3, 2010, the jury duly rendered its verdict in favor of Defendants and against Plaintiff Mark Pallotino, Jr. on the sole remaining claim of Assault and Battery brought by Mark Pallotino, Jr. under the New Mexico Tort Claims Act.

Courts are authorized to award attorneys' fees to a prevailing party in a § 1983 action pursuant to 42 U.S.C. § 1988 (b).  A prevailing defendant may be awarded attorney's fees "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations omitted). This standard is considered quite high and difficult to meet.  *Id.*  That a plaintiff ultimately loses his case is not, standing alone, sufficient justification for the assessment of fees.  *Hughs v. Rowe*,

---

[1]The Court notes that Plaintiff Mark Pallotino, Jr.'s § 1983 claim for Excessive Force could not be submitted to the jury because he had failed to identify any "person" within the meaning of 42 U.S.C. § 1983 against whom liability was asserted or through whose actions municipal liability might be established.  However, Pallotino, Jr. was by then a *pro se* litigant without the expertise or knowledge to amend his complaint to name someone other than "John Doe" or to abandon the claim if no such individual had materialized.

449 U.S. 5 (1980).  Further, insofar as the Plaintiffs proceeded to trial *pro se*, the Supreme Court has cautioned that attorneys' fees should rarely be awarded against *pro se* plaintiffs and are proper only where an action is "meritless in the sense that [it] is groundless or without foundation."  *Hughs v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam).

Applying the relevant factors to the matter at hand, an award of attorneys' fees is not appropriate in this case.  The Court cannot determine that any of the claims brought in this case were so plainly meritless as to be construed as vexatious or brought merely to harass, particularly without any such argument from the Defendants.

In sum, the Court cannot find, on the information and record before it, that the federal claims in the instant suit were vexatious, frivolous, or brought to harass or embarrass the Defendants.  Accordingly, Defendants' request for attorneys' fees will be denied.

WHEREFORE,

**IT IS ORDERED** that Defendants' Motion for Costs and Attorneys' Fees, filed November 23, 2010 (Doc. 226) is **DENIED**.

Dated January 24, 2010.

_____

SENIOR UNITED STATES DISTRICT JUDGE